**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**STEPHANIE SIMMONS,**

    **Plaintiff,**

v.                                                                               **Case No: 5:14-cv-438-Oc-39PRL**

**FLORIDA DEPARTMENT OF
CORRECTIONS, YARITZA COLON,
ROBERT A. DELP, L. DABIN, LUZ
ROSARIO, WITCHNER BELIZAIRE
and PAGE A. SMITH**

    **Defendants.**

---

## ORDER

Pending before this Court is Plaintiff's Motion to Extend Time to Serve Process. (Doc. 14). Pursuant to Fed. R. Civ. P. 4(m) and 28 U.S.C. § 1448, Plaintiff requests a 120 day extension of time from the date the case was removed to federal court to serve process on Defendants Yaritza Colon, L. Dabin, and Luz Rosario.

On August 4, 2014, Defendants removed the case to this Court. (Doc. 1). Prior to removal, Plaintiff had successfully served some Defendants, including the Florida Department of Corrections, Robert A. Delp, Page A. Smith, and Witchner Belizaire. In addition, Plaintiff had successfully served a Yaritza Colon, but later learned that she served the wrong "Y. Colon." Plaintiff now requests additional time so she can serve interrogatories on the Florida Department of Corrections to provide contact information for Colon.

Plaintiff has not yet served Dabin and requests time sufficient to serve interrogatories on the Florida Department of Corrections to provide Dabin's contact information as well.

Plaintiff has issued a Summons to Rosario, but not a Complaint, and simply requests additional time to complete service.

Rule 4(m) provides that, if the plaintiff shows good cause for the failure to serve a defendant within 120 days after the complaint is filed, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff states that she has conducted a reasonable investigation to determine the whereabouts of the unserved Defendants, including searching the Florida Health Physicians License Verification website and conducting other internet searches. Further, Plaintiff notes that, because of the nature of the unserved Defendants' positions in the Florida Department of Corrections, this additional information may be protected under a state law enforcement confidentiality statute. Upon due consideration, pursuant to Fed. R. Civ. P. 4(m) and 28 U.S.C. § 1448, the Court finds that Plaintiff has shown good cause for the failure to serve process.

The Court construes Plaintiff's request for "time sufficient to serve interrogatories on the Florida Department of Corrections to provide the first name, date of birth, and last known address" of Y. Colon and L. Dabin as a motion for discovery. (Doc. 12 at ¶¶ 6 and 8). Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … by court order." *See also* M.D. Fla. R. 3.05(c)(2)(B) ("Unless otherwise ordered by the Court, a party may not seek discovery from any source before the meeting.")

Middle District of Florida courts allow limited discovery in situations in which a plaintiff has attempted to identify a defendant but could not learn a defendant's true identity based on the information available to the plaintiff, and where plaintiff lacked any other method of obtaining a defendant's identifying information. *See Malibu Media, LLC v. Doe*, No. 2:14-CV-154, 2014

WL 1457862, at *2 (M.D. Fla. Apr. 15, 2014) (allowing plaintiff to conduct limited discovery prior to Rule 26(f) conference and noting that "a Rule 26(f) conference cannot take place until the identity of Defendant is known and Defendant has been served").

Thus, although discovery is normally not allowed before a Rule 26(f) conference, the Court has the authority do so pursuant to Rule 26(d)(1) and Local Rule 3.05(c)(2)(B) and will grant Plaintiff limited discovery. Plaintiff may serve interrogatories on the Florida Department of Corrections for the exclusive purpose of obtaining sufficient information to serve Defendants Colon and Dabin.

Upon due consideration, pursuant to Fed. R. Civ. P. 4(m) and 28 U.S.C. § 1448, Plaintiff has shown good cause for the failure to serve process. Plaintiff's motion for extension of time to serve process (Doc. 14) is **GRANTED**. The Court extends Plaintiff's deadline to serve process to **December 2, 2014**, or 120 days from August 4, 2014, the date of removal of this case. The Court also authorizes Plaintiff to serve interrogatories on the Florida Department of Corrections for the exclusive purpose of obtaining sufficient information to serve Defendants Colon and Dabin.

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

**DONE** and **ORDERED** in Ocala, Florida on August 25, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties