UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEPHANIE SIMMONS,

    Plaintiff,

vs.                                                   Case No. 5:14-cv-438-Oc-39PRL

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____

## ORDER

**THIS CAUSE** is before the Court on Defendants Witchner Belizaire ("Belizaire") and Page A. Smith's ("Smith") Agreed Motion for Relief From Order, filed on September 1, 2016. (Doc. 115; Motion). In the Motion, Belizaire and Smith request the Court, pursuant to Rule 60(b), Federal Rules of Civil Procedure (Rule(s)), to re-open the case for the purpose of entering a Final Order of Dismissal With Prejudice of Plaintiff's claims against them. Motion at 1, 3. Belizaire and Smith represent that counsel for Plaintiff does not object to the relief sought by the Motion. Id. at 3.

Plaintiff's claims in this case were related to the medical care that she received while she was incarcerated by the Florida Department of Corrections. (See Doc. 27; Amended Complaint). On the eve of trial, Plaintiff announced on April 28, 2016, that the case had settled by agreement between the parties, pertaining to the remaining Defendants, Belizaire and Smith. (Doc. 109; Notice of Settlement). In response to the Notice of Settlement, the Court entered an Order on May 6, 2016, administratively closing the case and stating "[t]he parties shall have until **July 11, 2016**, to file a joint stipulated

form of final order or judgment or move this Court upon good cause to reopen the case." (Doc. 112; 05/06/16 Order). The Court cautioned that "[i]f the parties have not so stipulated or moved the Court by the **July 11, 2016** deadline, this case automatically will be dismissed without prejudice, and the Clerk shall **close** the file without further order of the Court." Id. at 2. The July 11, 2016 deadline came and went without action by any of the parties.

On August 19, 2016, Belizaire and Smith filed an Agreed Motion for Dismissal of Case With Prejudice, requesting that the Court enter a Final Order of Dismissal With Prejudice of Plaintiff's claims against them. (Doc. 113; First Motion for Dismissal With Prejudice). Belizaire and Smith stated in support of the First Motion for Dismissal With Prejudice that "[t]he parties have now been able to complete all of the settlement documentation necessary to resolve this matter against all parties . . . ." Id. at 2. The Court denied the First Motion for Dismissal With Prejudice because the Court's 05/06/16 Order automatically ripened into a final order of dismissal without prejudice on July 11, 2016. (Doc. 114; 08/23/16). The Court further determined that even construing the First Motion for Dismissal With Prejudice as one seeking relief from judgment, brought pursuant to Rule 60(b), the motion failed because the parties provided no basis why they should be accorded relief from a final judgment, giving no reason for the six-week delay. Id. at 3-4.

In the pending Motion, Belizaire and Smith state that:

> Due to the complexities of this settlement, including Plaintiff determining the method by which she was to receive the settlement proceeds (whether through a trust, guardianship, power of attorney or other method), and completing the appropriate documentation, an extended

2

> amount of time passed and the parties inadvertently did not file the proper stipulated form of Final Order or Judgment.

Motion at 2. The Defendants argue that "[n]o party will be prejudiced" and that "there will be no impact on judicial proceedings" by the Court's granting the relief requested. Id. They assert that they have acted in good faith during the pendency of the proceedings and the settlement negotiations. Id.

The Court turns to Rule 60(b)(1) which permits the Court to grant relief from an order for excusable neglect. "The determination of what constitutes excusable neglect [under Rule 60(b)(1)] is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007).

> To determine whether a movant's neglect is excusable a court is required to engage in an equitable inquiry into "the particular circumstances of the case," Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1355 (11th Cir. 2009) (citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)), and must consider in its analysis (1) "the danger of prejudice to the [opposing party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (quoting Pioneer Inv. Servs. Co., 507 U.S. at 395).

Oquendo v. United States, 541 F. App'x 954, 956 (11th Cir. 2013). Considering these factors and the circumstances of this case, the Court determines that Defendants Belizaire and Smith are due relief pursuant to Rule 60(b)(1) for "mistake, inadvertence, . . . or excusable neglect."

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Agreed Motion for Relief From Order (Doc. 115) is **GRANTED**.

2. This case is **RE-OPENED**, and the Court's Order dated May 6, 2016 (Doc. 112) is **VACATED** to the extent that the case was automatically dismissed without prejudice as of July 11, 2016.

3. Plaintiff's claims against Defendants Witchner Belizaire and Page A. Smith are **DISMISSED WITH PREJUDICE**.

4. The Clerk of the Court is **DIRECTED** to terminate all pending deadlines and motions and **CLOSE** the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of September, 2016.

BRIAN J. DAVIS
United States District Judge

jl

Copies furnished to:

Counsel of Record